PER CURIAM.
Appellant, Dale Benefield Stewart, appeals his conviction of sexual battery. Appellant argues that because no “manifest necessity” occasioned the declaration of a mistrial, his retrial was barred by the double jeopardy clauses of the state and federal constitutions. We agree and, accordingly, reverse.
The case initially went to trial on October 18, 2001. During the testimony of the first witness, the trial judge was advised of an anthrax scare in the Holmes County Tax Collector’s office located in the courthouse. The record indicates that the trial judge was advised by the sheriffs department that someone came into that office and paid with money that had a white powdery substance on it. The trial judge noted that officials did not know what the white powdery substance was and that the test to make that determination would take at least 12 hours. The judge also noted that a sample of the substance would have to be delivered to Jacksonville for the test to be conducted. The judge stated that his initial reaction was to quarantine the courthouse, and he had done so.
After a discussion with the health department, the judge determined that the courthouse would be closed and not reopened until receipt of a laboratory report regarding the nature of the substance. The judge stated that he was concerned about continuing the trial because he would have to inform the jury regarding the circumstances and it could be such a serious distraction to jurors that it may not be appropriate to continue the trial. The prosecutor agreed with the trial judge’s concerns and said the only options were to declare a mistrial or in some way try to bring the jury back another day. Defense counsel then spoke with appellant. Appellant stated that he understood that if the judge did what he was contemplating, they would have to go through another jury selection and start the trial over. Appellant stated that he felt it was adverse or detrimental to his interest for the judge to do that at that point. Defense counsel suggested that they have lunch brought to the jurors, go ahead and finish the trial, and tell the jurors to go home and wash their clothes after the trial.
The trial judge then stated that he had another problem. Dr. Lisa Bailey, a material witness, had indicated to him that she would be very reluctant to come to the courthouse and that she had been advised not to come to the courthouse because of the possibility of exposure to herself and the possibility that she could expose others in her work as a health professional. The trial judge stated that there was a question as to whether or not she would even respond to the subpoena if the trial continued. The trial judge also noted that he would be concerned about granting a continuance because the matter would have to be continued for 30-60 days, and there could be a problem with the jurors being exposed to information about the case even if they were instructed not to communicate with anyone regarding the case. The trial judge decided, given the “unusual set of circumstances,” to declare a mistrial.
A second jury was empaneled and appellant was tried again on December 12, 2001. He was found not guilty on three counts, but guilty as charged on one count of sexual battery in violation of section 794.011, Florida Statutes. Appellant was sentenced to 80 years’ imprisonment.
As this Court has previously recognized,
The scope of the double jeopardy clause of the Florida Constitution is the *1177 same as that of the federal protection. It has long been held that the government may bring a second prosecution where a mistrial has been occasioned by manifest necessity.... “Manifest necessity” is a term which has not been given a bright line definition because of the variety of situations that arise in the course of trying eases. Where the reason for the mistrial relates to the unavailability of a critical prosecution witness or where the prosecution is attempting to use superior resources to harass the defendant, strict scrutiny is appropriate. On the other extreme, where the jury is deadlocked, great deference will be given to a conclusion that a mistrial is necessary. Where the factual situation falls in between the described extremes, a trial court’s exercise of “sound discretion” is entitled to deference.
Cohens v. Elwell, 600 So.2d 1224, 1225 (Fla. 1st DCA 1992) (citations omitted). In addition, the double jeopardy provision of the Florida Constitution “requires a trial judge to consider and reject all possible alternatives before declaring a mistrial over the objection of the defendant.” Thomason v. State, 620 So.2d 1234, 1239 (Fla.1993).
In the present case, the record indicates there was no consideration of possible alternatives such as conducting the trial in a location other than the courthouse. The record also indicates there was no communication with the jurors regarding whether they would be available to continue to serve at a later date, after a continuance, and no consideration of possible means of avoiding exposure to any communications or information regarding the case. As in Cohens, the trial judge did not actively explore his other options before discharging the jury.
The potential problem with the state witness also does not establish manifest necessity in this case. “There is little doubt that the unavailability of a critical state witness can create a ‘manifest necessity’ which will allow a mistrial without prohibiting retrial. Nevertheless, in such situations the trial court is well advised to make an inquiry and create a record as to the nature of the witness’ testimony, reason for the witness’ unavailability, and if and when the witness will become available.” Cohens, 600 So.2d at 1226. The record on appeal does not reveal the nature of the witness’s testimony. Although the reason for the witness’s potential unavailability is clear, the trial judge indicated only that there was a question as to whether the witness would appear.
We sympathize with the situation in which the trial judge found himself, recognizing the events that were taking place in our nation at the time. However, we are unable to say that what occurred was sufficient to establish manifest necessity for declaration of a mistrial. Accordingly, we reverse the conviction and direct the trial court to discharge appellant.
BARFIELD, BROWNING and LEWIS, JJ„ CONCUR.